J-S80018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD W. DOUGHERTY, JR. | : | |
| | : | |
| Appellant | : | No. 1168 EDA 2018 |

Appeal from the Judgment of Sentence March 23, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000167-2017

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 1, 2019**

Edward W. Dougherty, Jr. appeals from the aggregate judgment of sentence of seven days to six months of incarceration following his conviction of driving under the influence ("DUI") of alcohol or controlled substance – general impairment, and careless driving. We affirm.

The pertinent facts underlying Appellant's conviction are as follows. On August 30, 2016, at approximately 4:55 p.m., Appellant drove his vehicle into two parked cars in the parking lot of a supermarket in Malvern, Chester County, Pennsylvania. The supermarket's video surveillance captured the events, and showed that Appellant's vehicle collided first with an unoccupied vehicle owned by Dolores Fetterman, as Appellant was attempting to enter a parking space. He struck Ms. Fetterman's vehicle so forcefully that it bounced

forward from the impact. Appellant's actions caused damage to Ms. Fetterman's vehicle and to his own vehicle.

The surveillance video also showed Appellant reverse his vehicle and attempt to re-enter the parking space at a different angle. In making that maneuver, Appellant's vehicle struck a parked pick-up truck that was located in the parking space directly in front of the vacant parking space. The unnamed male operator of the pickup truck exited his vehicle and engaged Appellant in a heated conversation. There was little damage observed on the pick-up truck.

Oblivious to the incident, Ms. Fetterman and her husband approached their vehicle, as Appellant walked away from the parking lot and entered the supermarket. Ms. Fetterman discovered the damage to her vehicle after bystanders explained to her what happened. Ms. Fetterman noted Appellant's license plate number and went back into the store.

Appellant and Ms. Fetterman returned to the parking lot and engaged in a conversation. Appellant admitted to Ms. Fetterman that he hit her car and requested that they handle the matter privately. Ms. Fetterman testified that Appellant appeared overly relaxed, and had bloodshot eyes and slurred speech. Based on her prior experience with chronic alcoholics, Ms. Fetterman concluded that Appellant was likely "high" and "definitely impaired." N.T. Trial, 7/26/17, at 23, 40. She informed Appellant that they could not handle the matter privately, as she had already called the police.

East Whiteland Township Police Officer Christopher Stymiest investigated the incident. At the time of the offense, Officer Stymiest had twelve years of experience as a police officer handling alcohol- and drug-related DUIs. Although Appellant initially denied any knowledge of having hit Ms. Fetterman's car, Officer Stymiest was able to determine from a review of the surveillance video that Appellant's vehicle struck both Ms. Fetterman's vehicle and the pick-up truck.[1] *Id*. at 50. Officer Stymiest also noticed Appellant's red, watery eyes and abnormally-constricted pupils, and an "obvious odor of alcohol" which emanated from him. Appellant's reactions and responses to questions seemed delayed, and when asked, he stated that he had not been drinking, but had taken prescription medications that day for chronic leg pain. Officer Stymiest administered two field sobriety tests to Appellant, both of which he failed. Based on Appellant's failure of the field sobriety tests, his role in the accidents, and his physical appearance and demeanor, Officer Stymiest concluded that Appellant may have been operating his motor vehicle while under the impairment of a combination of intoxicating substances.

Officer Stymiest asked Appellant to submit to a blood test. Appellant refused, and became agitated when Officer Stymiest told him that he would be taken to the hospital where he would have another opportunity to consent.

---

[1] The supermarket's DVD surveillance recording was admitted into evidence at the non-jury trial.

- 3 -

Officer Stymiest took a now-belligerent Appellant into custody and transported him to the Paoli Memorial Hospital for blood testing. At the hospital, Appellant again refused consent to have his blood drawn and Officer Stymiest read Appellant his implied-consent warnings. Appellant refused to sign the DL-26 form and his blood was not drawn.

The Commonwealth charged Appellant with multiple counts of DUI and careless driving. On July 26, 2017, the case proceeded to trial, and on August 2, 2017, the court found Appellant guilty of DUI pursuant to § 3802(d)(2) (drug or combination of drugs) and careless driving, in violation of 75 Pa.C.S. § 3714(a). On March 23, 2018, the trial court imposed seven days to six months of imprisonment and assessed fines totaling $1,025.00. The court also ordered Appellant to complete three weeks of electronic home confinement following parole.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court thereafter authored its Rule 1925(a) opinion. Appellant presents one issue for our review: "Did the Court of Common Plea[s] [err] by finding that the Commonwealth presented sufficient evidence to support the verdict?" Appellant's brief at 2.[2]

---

[2] Appellant's brief only challenges the sufficiency of the evidence to support his § 3802(d)(2) conviction, and does not address his conviction of careless driving.

- 4 -

Appellant argues that there was insufficient evidence to support the § 3802(d)(2) conviction, as the Commonwealth failed to prove that the medications in Appellant's system impaired his driving. Further, the Commonwealth never proffered an expert to prove that the medications rendered Appellant incapable of safe driving. The Commonwealth counters that it was not required to present expert testimony in order to prove Appellant's impairment, and adopts the trial court's determination that the evidence was sufficient to support Appellant's conviction for DUI.

Our standard of review when considering a challenge to the sufficiency of the evidence is:

> Whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

- 5 -

The Vehicle Code defines DUI of controlled substance, general impairment as follows:

> **(d)** **Controlled substances.** – An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> . . . .
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(2). Importantly, § 3802(d)(2) does not require proof of a specific amount of a drug in the individual's system. It only requires proof that the individual was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired. *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012) (citing *Commonwealth v. Williamson*, 962 A.2d 1200, 1204 (Pa.Super. 2008)) (testimony of erratic driving, coupled with proof that drugs were present, were together sufficient to prove that the operator's ability to drive safely was impaired).

At trial, Appellant testified that he takes numerous prescription medications on a daily basis, including Tramadol. Appellant further admitted that on the day of the accident, he was driving, that he hit two parked vehicles, and that he had taken several prescription drugs. However, he argues that his ability to drive was not impaired by those substances. Appellant concedes that he failed two field sobriety tests and became belligerent with officers

- 6 -

when they requested a blood draw, but claims that he did so because he was upset. Appellant also maintains that his delayed responses to questions and overall sluggishness at the accident scene was due to his peripheral neuropathy condition.

Viewing the facts in the light most favorable to the Commonwealth, as we must, we conclude that the evidence was sufficient to permit the trial court to find that Appellant operated his vehicle while under the influence of a drug or combination of drugs that impaired his ability to control the maneuvering of his vehicle. Appellant struck two vehicles as he tried to pull his vehicle into a parking space, hitting the first vehicle with such force that it bounced forward in its parking space. Ms. Fetterman, the owner of that vehicle, testified that she thought that Appellant was "high" based on her observations of Appellant's overly relaxed demeanor, bloodshot eyes, slurred speech, and request to handle the matter privately. N.T. Trial, 7/26/17, 23.

Officer Stymiest testified that he received specific training on the handling of a variety of DUI's, including drug-related DUI's and has been involved in approximately two hundred DUI arrests in his professional career. *Id*. at 45. Based on his experience, Officer Stymiest explained that while symptoms that indicate a person is under the influence of prescription medication vary depending on the specific drug and can appear similar to alcohol intoxication, the "number one indicator [of drug or narcotic ingestion] is bloodshot eyes, constricted pupils, [and] nervousness, talkative

[behavior]." *Id.* at 47. During his interactions with Appellant, Officer Stymiest observed Appellant's constricted pupils, bloodshot eyes, slow reactions, and delayed speech. Appellant failed two field sobriety tests, admitted to ingesting a broad range of prescription medications, including the pain killer Tramadol, and became belligerent with officers when refusing a requested blood test. Due to Appellant's failure to pass the field sobriety tests, his physical appearance and demeanor, and role in the accident, Officer Stymiest concluded that Appellant was impaired.

As the trial court, acting as fact-finder, accepted the foregoing evidence as true, it was sufficient to support the court's finding that the Commonwealth met its burden of proving that Appellant was under the influence of drugs to a degree that his ability to drive was impaired.

Appellant also challenges the sufficiency of the evidence based on the Commonwealth's failure to provide expert testimony. Generally, the need for expert testimony arises when "the jury is confronted with factual issues whose resolution requires knowledge beyond the ken of the ordinary layman." ***Commonwealth v. Griffith***, 32 A.3d 1231, 1239 (Pa. 2011) (citing ***Kozak v. Struth***, 531 A.2d 420, 422 (Pa. 1987)). Our Supreme Court has held that § 3802(d)(2) does not contain "a mandatory requirement for expert testimony to establish that the defendant's inability to drive safely was caused by ingestion of a drug[.]" ***Griffith, supra*** at 1238. Instead, the need for expert testimony is evaluated on a case-by-case basis, "taking into account not just

the specific drug at issue . . . but also the nature and overall strength of the Commonwealth's evidence[.]" *Id*. at 1239.

In *Commonwealth v. Hutchins*, 42 A.3d 302, 308-09 (Pa.Super. 2012), the Commonwealth offered, as evidence of his guilt under § 3802(d)(2), that the defendant was unusually calm when talking to investigating officers after having been involved in a serious accident, that the defendant had admitted to smoking marijuana earlier that day, that marijuana was found in his vehicle, and that he caused the accident. The **Hutchins** Court considered the totality of the circumstances, viewed in the light most favorable to the Commonwealth, and concluded that the evidence was sufficient to prove the defendant guilty of a DUI under § 3802(d)(2), even without expert testimony or blood test results. *Id*. at 309.

Here, the Commonwealth presented even more independent evidence of impairment than what this Court found sufficient, absent expert testimony, in **Hutchins**. Appellant hit two parked vehicles after taking a cocktail of prescription drugs, failed two field sobriety tests, and refused a requested blood draw. Officer Stymiest observed Appellant's constricted pupils, bloodshot eyes, slow reactions, and delayed speech which, due to Officer Stymiest's training in the detection of drug impairment, he immediately recognized as signs of drug intoxication. Viewing this evidence in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to sustain Appellant's DUI conviction. Therefore, Appellant's

challenge to the sufficiency of the evidence to support his DUI conviction does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/19